UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA DUKES and MICHAEL OWENS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:16-CV-1418-G |
| DIRECTV LLC, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant's Rule 12(b)(6) motion for partial dismissal of the plaintiffs' claims for violations of the Telephone Consumer Protection Act ("TCPA"), Chapter 302 of the Texas Business and Commercial Code ("Texas TCPA"), and Chapter 17 of the Texas Business Commercial Code ("DTPA") (docket entry 17).  For the reasons stated below, the defendant's motion for partial dismissal is granted on all claims.

I. BACKGROUND

The plaintiffs, Brenda Dukes ("Dukes") and Michael Owens ("Owens"), both contend that DirecTV, the defendant, "engage[d] in reckless and aggressive debt collection practices . . . ." Plaintiffs' Original Complaint ("Original Complaint") ¶ 2 (docket entry 1). Dukes received at least seventeen calls from a phone number associated with DirecTV. *Id.* ¶ 21. Each time, DirecTV asked to speak with an individual other than Dukes regarding a debt owed to DirectTV. *Id.* ¶¶ 3, 26. Owens received calls in nearly identical fashion. *Id.* ¶¶ 38, 42. The plaintiffs both suspected that DirecTV placed each call with an automatic telephone dialing system ("ATDS") without obtaining the plaintiffs' consent. *Id.* ¶¶ 3, 23, 40. Plaintiffs both asked DirecTV to cease any further calls. *Id.* ¶ 3.

The plaintiffs commenced this action on May 24, 2016, seeking damages for violations of 47 U.S.C. § 227 and various regulations under the TCPA. *Id.* ¶¶ 1, 15. Dukes, a citizen of the state of Texas, also seeks damages for violations of the Texas TCPA and DTPA. See *id.* ¶¶ 5, 84-89.

On August 12, 2016, DirecTV filed this motion for partial dismissal seeking to dismiss all but one of the plaintiffs' claims.[*] Defendant's Motion for Partial Dismissal (docket entry 17); Defendant's Brief in Support of Motion for Partial

---

[*] DirectTV does not seek dismissal of the plaintiffs' claim brought under 47 U.S.C. § 227(b)(1)(A). *See* Defendant's Brief at 1.

Dismissal ("Defendant's Brief") at 2 (docket entry 18).  The plaintiffs filed a timely response on September 19, 2016.  Plaintiffs' Response to Defendant's 12(b)(6) Motion for Partial Dismissal ("Response") (docket entry 22).  On October 3, 2016, DirecTV filed a timely reply.  Defendant's Reply in Support of Motion for Partial Dismissal ("Reply") (docket entry 23).  The motion is now ripe for decision.

## II.  ANALYSIS

### A.  Legal Standard:  Rule 12(b)(6) Motion to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true,

viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

      The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's

allegations "nudge" [his or her] claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

### B. The Claims of Dukes and Owens

#### 1. *Dukes and Owens Fail to State a Claim Under the TCPA*

The TCPA regulates telemarketing, telephone solicitations, and other related activities. *See* 47 U.S.C. § 227. Specifically, the TCPA forbids telephone calls placed to cellphones using an ATDS or an artificial, pre-recorded voice without prior express consent, unless the call is made solely to collect a debt owed to or guaranteed by the United States. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii). The TCPA further requires any person or entity to "maintain[] a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity" before initiating any call for telemarketing purposes. 47 C.F.R. § 64.1200(d).

DirecTV moves to dismiss the plaintiffs' TCPA claims, contending that it is not a telemarketer and therefore is not required to maintain a "do not call list." *See* Motion ¶ 1. The plaintiffs maintain that the TCPA not only requires a "do not call list" for telemarketers, but also those entities *initiating* calls to effect a sale, rental, or investment. *See* Response at 3-4. Specifically, the plaintiffs contend that DirectTV solicited them because of DirectTV's customary business practice -- satellite television subscription sales. See *id.* at 4.

However, the plaintiffs did not cite any authority supporting their argument that a customary business practice automatically results in a violation of § 64.1200(d). DirecTV properly points out that the plaintiffs never dispute that § 227(c) and § 64.1200(d) apply only to calls initiated for telemarketing purposes. *See* Reply at 1. The plaintiffs did not plead that DirectTV tried to solicit business from them during the call. In fact, the plaintiffs aver that DirecTV called with the sole intention of collecting a debt. *See* Original Complaint ¶ 3. As a result, the plaintiffs' claim fails because the court cannot reasonably infer that DirectTV initiated the calls for telemarketing purposes. See *Genaw v. NCO Financial Systems, Inc.*, 2:12-CV-0260-J, 2013 WL 1876792, at *2 (N.D. Tex. May 6, 2013) (Robinson, J.) (concluding that § 64.1200(d) could not apply when a defendant called the wrong number multiple times in an effort to locate a debtor); *Norman v. Northern Illinois Gas Company, Inc.*, 13-CV-3465, 2014 WL 184774, at *2 (N.D. Ill. Jan. 16, 2014) (dismissing a claim where the plaintiff failed to allege that the defendant "encouraged the purchase or rental or investment in any goods or services" despite multiple calls from the defendants with knowledge that the plaintiff was not the correct party); *Orea v. Nielsen Audio, Inc.*, 14-CV-04235-JCS, 2015 WL 1885936, at *3 (N.D. Cal. Apr. 24, 2015) (concluding that a call regarding a marketing survey did not encourage the plaintiff to purchase a product or service and was therefore not a

telephone solicitation). Thus, all of the plaintiffs' claims under the TCPA are dismissed except for the plaintiffs' § 227(b) claim.

2. *Dukes Fails to State Claims Under the Texas TCPA and DTPA*

The Texas TCPA, regulates telephone solicitations made within Texas or to residents of Texas. *See* TEX. BUS. & COM. CODE § 302.101. The Texas TCPA forbids soliciting a person by telephone without a registration certificate. *Id.* A telephone solicitation is "a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." TEX. BUS. & COM. CODE § 302.001. The code instructs courts to apply the scheme liberally to protect persons "against false, misleading, or deceptive practices in the telephone solicitation business." TEX. BUS. & COM. CODE § 302.003.

Dukes's claim against DirectTV under Chapter 302 remains unclear. Dukes alleges that DirectTV violated "each and every one of the provisions of Chapter 302 . . ." Original Complaint ¶ 85. Dukes never alleges that the calls constituted a "telephone solicitation." Furthermore, Dukes does not contend that DirectTV lacked a registration certificate at the time of the calls. As Direct TV properly points out, Chapter 302 contains "dozens of provisions, many of which have nothing to do with unwanted phone calls . . ." Defendant's Brief at 5; *see generally* TEX. BUS. & COM. CODE § 302.

Despite Dukes's failure to specify which section of Chapter 302 DirectTV violated, the Texas TCPA clearly only covers solicitations made to induce a person to purchase, rent, claim, or receive an item of property or service. *See* TEX. BUS. & COM. CODE § 302.001 (defining telephone solicitation as "a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item.").

The definition of solicitation under the Texas TCPA is nearly identical to the definition of solicitation under the federal TCPA. *Compare* 47 C.F.R. § 64.1200(f)(14) (defining solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . .") *with* TEX. BUS. & COM. CODE § 302.001 (defining solicitation as "a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item."). It logically follows that the same reasoning for dismissal under the federal TCPA claim must apply to the Texas TCPA claim as well. See *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA."). Dukes admitted that DirectTV called solely to collect a debt, not to encourage a purchase of an item. *See* Original Complaint ¶ 3. Therefore, Dukes's claim under the Texas TCPA must be dismissed.

Further, Dukes's DTPA claim relies entirely on successfully pleading a Texas TCPA claim. *See* Original Complaint ¶¶ 88-89. Because her claim under the Texas TCPA must be dismissed, Dukes's claim under the DTPA must be dismissed as well.

### III. CONCLUSION

For the reasons stated above, DirectTV's motion to dismiss the plaintiffs' claims under the TCPA is **GRANTED** and their claims under the TCPA are **DISMISSED**. DirectTV's motion to dismiss Dukes's claims under the Texas TCPA and DTPA is **GRANTED** and Dukes' claims under the Texas TCPA and DTPA are **DISMISSED**.

**SO ORDERED**.

November 7, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**